UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAUREN EVE LAFITTE | CIVIL CASE NO. |
| v. | JUDGE: _____ |
| TEAM INDUSTRIAL SERVICES, INC. | MAGISTRATE: _____ |
| | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW INTO COURT, through her undersigned counsel, comes the Plaintiff, Lauren Eve Lafitte ("Lafitte"), who respectfully submits her complaint against Team Industrial Services, Inc. ("Team"), for gender-based harassment/discrimination, retaliation, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## PARTIES

1. Lauren Eve Lafitte is a person of the full age of majority and a citizen and resident of Ascension Parish, Louisiana. Lafitte belongs to a protected class under Title VII as a female.

2. Team is a foreign corporation which is domiciled in the State of Texas. Team does business in Ascension Parish, Louisiana and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(h). Team is an employer within the meaning of 42 U.S.C. § 2000e(b). Team employs over 500 employees.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction under 42 U.S.C. § 2000e., 28 U.S.C. § 1331, and 28 U.S.C. § 1334.

1

4.  Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events and/or omissions giving rise to the plaintiff's claims occurred in this judicial district, specifically in Norco, Louisiana.

## **FACTUAL ALLEGATIONS**

5.  Lafitte began her employment with Team in May of 2013 as an Ultrasound Technician at Valero oil refinery in Norco, Louisiana. Lafitte was a dedicated employee who performed her job diligently and with her employer's best interests in mind.

6.  On November 20, 2013, Plaintiff submitted a complaint of gender-based harassment/discrimination to the Defendant's Human Resources office.

7.  This complaint was in writing and was e-mailed to Douglas Frankhouser, Team Services' Director of Human Resources, at 7:29 A.M. on November 20, 2013.

8.  Approximately seven and a half (7 1/2) hours later on the same day, at 3:00 P.M., the Plaintiff was escorted off the Valero work-site, purportedly pending an investigation. At that time, the Plaintiff's badge, which had permitted her to access the Valero plant, was taken away from her.

9.  The very next day, on November 21, 2013, at 1:00 P.M., the Plaintiff was notified by Teams' Human Resources personnel that her employment was terminated.

10. At the time, the Defendant notified the Plaintiff that the reason that the Plaintiff's employment was terminated was because she violated a safety rule.

11. The purported basis for the Defendant's claim that the Plaintiff had violated a safety rule was that she had left three (3) male co-workers "alone" in the unit they had been working on. The Defendant made this accusation even though the Plaintiff and the three (3) co-workers had finished their work; the Plaintiff informed the others that she was going to leave the

2

unit, sign out, and that she would meet them back at the truck, after she had visited the restroom.

12. The Defendant did not even inform the Plaintiff that there was any question about her conduct on November 8, 2013 until November 19, 2013, after the Plaintiff had begun to gather information necessary for the preparation of harassment/discrimination complaint. At that time, the Plaintiff was informed on November 19, 2013 by Team's Stephanie Elasyed that she knew what Plaintiff was up to or words to that effect.

13. The Plaintiff alleges that the real reason for the termination of her employment was her complaint of gender-based harassment/discrimination.

14. The Plaintiff further alleges that she did not violate any safety rule and that the Defendant concocted this pretextual reason for her termination in order to mask its retaliation against the Plaintiff.

15. About May 17, 2014, Lafitte timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in accordance with Title VII, 42 U.S.C. § 2000e *et seq.*, alleging the unlawful employment practices as described herein. The questionnaire and the attachments thereto which the Plaintiff submitted to the EEOC in connection with her charge of discrimination set forth the facts of her retaliation claim..

16. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on March 7, 2016.

17. Lafitte brings this action within 90 days of the EEOC's March 7, 2016, Notice of Right to Sue in compliance with and pursuant to Title VII, 42 U.S.C. § 2000e-5(f).

## FIRST CAUSE OF ACTION: RETALIATION

18. Lafitte repeats, realleges, and incorporates by references paragraphs 1-17 above, inclusive, as if fully set forth herein.

3

19. On November 20, 2013, the Defendant's Human Resources personnel retaliated against Lafitte for the complaint of gender-based harassment/discrimination which she had made to the Defendant earlier the same day. The Defendant's Human Resources personnel did so by causing her to be immediately escorted off the Valero work-site, purportedly pending an investigation.

20. On November 21, 2013, the Plaintiff was notified that her employment was terminated effective immediately. The Defendant's conduct constitutes retaliation in violation of 42 U.S.C. § 2000e *et seq.*

21. The Defendant's stated reason for terminating Lafitte's employment is not true, but is false and pretextual.

22. As a direct, natural, proximate and foreseeable result of the Defendant's retaliation, Lafitte has suffered past and future pecuniary losses, punitive damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity and other non-pecuniary losses and intangible injuries.

## JURY DEMAND

23. The Plaintiff respectfully requests trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Lauren Eve Lafitte, respectfully prays that this court, after due proceedings, enter the following orders in accordance with the provisions of Title VII, 42 U.S.C. § 2000e *et seq.*:

    **A.** Declaring the rights of the parties and finding that the aforementioned conduct of the Defendant was and is violative of Title VII, 42 U.S.C. § 2000e, *et seq.*

B.  Ordering the Defendant to pay Plaintiff back pay, fringe benefits, and legal interest, to reinstate the Plaintiff, or pay the Plaintiff front pay in lieu of reinstatement, pay the Plaintiff compensatory, special damages, and punitive damages, legal interest, attorney's fees, costs and litigation expenses; and

C.  Ordering such other and additional relief as this court deems necessary or proper.

**Respectfully Submitted:**
**SMITH LAW FIRM**

_____
J. ARTHUR SMITH, III (#07730)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
E-mail: jasmith@jarthursmith.com
*Counsel for Plaintiff, Lauren Lafitte*