UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN EVE LAFITTE** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-8236** |
| **TEAM INDUSTRIAL SERVICES, INC.** | **SECTION I** |

### ORDER AND REASONS

Everyone agrees that plaintiff Lauren Lafitte was fired by defendant Team Industrial Services ("Team") the day after she filed a human resources complaint alleging that she had been the victim of gender discrimination. What the parties disagree about is *why* she was fired. Team suggests that she was fired because of repeated safety violations and disciplinary issues. Lafitte counters with an opposite recantation of nearly every material fact. She suggests that the supposed safety violations and disciplinary issues were merely pretexts for unlawfully firing her in retaliation for her complaint of gender discrimination. Because the question of which account of the facts is right belongs to the jury, this Court will deny Team's motion[1] for summary judgment.

### I.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party

---

[1] R. Doc. No. 32.

seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II.

Under Title VII, it is an "unlawful employment practice for an employer to discriminate against any of his employees . . .because" the employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A retaliation claim "require[s] proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013).

"A plaintiff may prove employment discrimination or retaliation with either direct or circumstantial evidence." *Daniel v. Universal ENSCO, Inc.*, 507 F. App'x 434, 437 (5th Cir. 2013). This Court relies on the *McDonnell Douglas* burden-shifting analysis to determine whether a plaintiff relying on circumstantial evidence can carry her burden of demonstrating unlawful retaliation. *See Paul v. Elayn Hunt Corr. Ctr.*, No. 16-30574, 2016 WL 6832965, at *2 (5th Cir. 2016). Under the *McDonnell Douglas* framework, a plaintiff at the summary judgment stage must first demonstrate "a prima facie case of retaliation by showing that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action." *Id*. If the plaintiff can establish a prima facie case, then the burden shifts to the defendant to "demonstrate a legitimate non-retaliatory purpose for the adverse action." *Id.* (internal quotation marks omitted). If the defendant does so, then the burden shifts back to the plaintiff "to

3

demonstrate a material issue of disputed fact as to whether [defendant's] proffered explanation was merely a pretext for retaliation." *Id.* (internal quotation marks).

Laffite can demonstrate a prima facie case if her account of events is credited. Laffite engaged in a protected activity when she filed a complaint that she had been the victim of abusive conduct that constituted an unlawful employment practice. Lafitte was then fired on the *very next day* for conduct that she claims was utterly commonplace among Team employees. *See, e.g.*, *Stingley v. Den-Mar Inc.*, 347 F. App'x 14, 20 (5th Cir. 2009) ("[T]emporal proximity can establish a prima facie case of retaliation . . . .").

So the burden shifts to Team. Team meets its burden by submitting evidence indicating that Lafitte was fired due to repeated safety violations and disciplinary issues. For example, Team provides evidence suggesting that the firing was in the works even before Lafitte filed her complaint.

So the burden shifts back to Laffite. Nonetheless, Lafitte can carry her burden on the third *McDonnell Douglas* prong thanks to the summary judgment standard. A plaintiff need not put on direct evidence of pretext. Instead, "a factfinder may infer the ultimate fact of retaliation from the falsity of the explanation" given for the plaintiff's termination. *Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002). And here, if the Court credits Lafitte's version of events, each of the reasons given for her termination would be trumped-up, pretextual justifications for termination. *See, e.g.*, R. Doc. No. 42-3, at 53 (Lafitte's breaks permitted by employee rules), *id.* at 76 (profanity and vulgarity commonplace); *id.* at 80 (promotion test administered in a

4

discriminatory fashion, rules selectively enforced against Laffite and not male co-workers); *id.* at 93 (Lafitte did not leave three men alone); *id.* at 96-98 (Lafitte disagreeing with what she characterizes as Team employees' contradictory version of events); *id.* at 111 (Lafitte did not violate safety rules); *id.* at 115 (Lafitte claiming she was singled out for discipline); *id.* at 218 (report used to justify firing was contradictory).

That is definitive of defendant's summary judgment motion. This Court cannot reject plaintiff's version of events "merely because it is not supported by the movant's or its representatives' divergent statements." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016). Rather, "[r]esolution of this dispute is properly within the province of the trier of the fact, and therefore summary judgment [is] inappropriate." *Gee*, 289 F.3d at 348.

### III.

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment is **DENIED.**

New Orleans, Louisiana, March 1, 2017.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**